D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATHLEEN CALDAROLA, and
RICHARD CALDAROLA,

                                Plaintiffs,

                                      **Order**
           - against -                           09-CV-272 (SJF) (AKT)

THE TOWN OF SMITHTOWN, THE DIOCESE OF
ROCKVILLE CENTRE, ST. PHILIP AND JAMES
RC CHURCH, STS. PHILIP AND JAMES SCHOOL,
PATRICK R. VECCHIO, THOMAS J. McCARTHY,
EDWARD R. WEHRHEIM, PATRICIA BIANCANIELLO,
ROBERT J. CREIGHTON, JOHN BONGINO, JOHN
VALENTINE, JOHN MOORE, DANIEL RYAN, JOSEPH
NOWOTNY, and MONSIGNOR BRIAN McNAMARA,
each individually and in their official capacities,

Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

On January 22, 2009, plaintiffs Kathleen and Richard Caldarola ("plaintiffs") commenced this action against the town of Smithtown and several of its employees (the "Town" or "Town defendants") and several private religious organizations and the pastor of Sts. Philip and James Parish in St. James (the "Church defendants," collectively "defendants") alleging violations of 42 U.S.C. §§ 1983 and 1985 and several state law claims. On July 13, 2009, Town defendants moved dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On July 14, 2010, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation (the "Report"), pursuant to a referral, recommending the Town defendants' motion be granted. Plaintiffs filed objections to the Report on August 11, 2010. No objections

1

have been filed by the defendants. Upon review of the Report and consideration of plaintiffs' objections, the objections are overruled and the Report accepted in its entirety.

I. Discussion

  A. Factual Background

Plaintiffs purchased a parcel of land across the street from a church and school owned and operated by the Church defendants. Report at 2. Three (3) weeks after plaintiffs moved into their house in 1979, they observed the Church defendants constructing a carnival on the property. *Id.* at 3. Plaintiffs argue that the attendant circumstances of this continuing and annual carnival and several improvements on the Church defendants' property violated provisions of the Town Code and interfered with the use and enjoyment of their property. *Id.* at 3-4, 8-9. When plaintiffs complained to the Town defendants about the Town Code violations, plaintiffs allege that the Town defendants refused to enforce the Town Code against the Church. *Id.* at 6, 9-10. The Court presumes the parties' familiarity with the specific facts and procedural history of this case that constitute the basis for the claim.

  B. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely

objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

C. Plaintiffs' Objections

Plaintiffs object to the Report insofar as it finds that plaintiffs' have failed to allege (1) a First Amendment claim of retaliation, (2) a claim that the Town defendants' conduct violated plaintiffs' equal protection rights, and (3) a public nuisance claim. Plaintiffs have not objected to the findings of fact in the Report. Plaintiffs' objections are reviewed *de novo*. To the extent that plaintiffs have not objected to the Report, the Court is satisfied that the Report is not facially erroneous.

3

1. Retaliation

To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (citations omitted). Where a public citizen is claiming retaliation by a public official, a complaint must also allege sufficient facts from which an inference of a defendant's "retaliatory intent" may be reasonably made. Gill v. Pidlypchak, 389 F.3d 379, 383 (2d Cir. 2004) (citing Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994)). Plaintiffs object to the finding that "there is no basis for inferring that [any misapplication of the zoning code] was done for the purpose of retaliation." Report at 24.

Plaintiffs allege that between 2006 and 2008 they were "constantly making phone calls, writing letters and filing formal complaints with the Town," attended Town meetings "to voice their displeasure" and publically object to the Town's failure to enforce the code. *See* Planitiffs' Objections to Report ("Obj.") at 1-2; Compl. ¶¶ 197-237. Plaintiffs allege that the Town defendants retaliated against these statements by failing to enforce the Town code against the Church defendants.

Without more, the allegations of the plaintiffs' protests and the Town defendants' failure to enforce the town code do not support an inference that any failure to enforce the town code was motivated by retaliation for their public statements. Plaintiffs allege that the Town defendants have failed to enforce the code since the Church defendants began making modifications in 1979. Compl. ¶¶ 24, 31-42. As the conduct plaintiffs claim is retaliatory

4

conduct has been continuously occurring over twenty (20) years prior to the allegedly protected statements, there is no justification to infer that the identical conduct after the statements was retaliatory. Plaintiffs admit that they cannot "establish" the Town defendants motive, and argue that they are unable to do so until after discovery, which "may very well" uncover evidence of a retaliatory motive. Obj. at 2. However, allowing discovery in this instance would defeat the purpose Rule 12(b)(6), which "streamlines litigation by dispensing with needless discovery and factfinding" where the plaintiff has failed to state a claim under the law. Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). Therefore, plaintiffs' objection on this ground is overruled.

2. Equal Protection

To establish an Equal Protection claim based upon "selective treatment" a plaintiff must demonstrate that "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980). Plaintiffs object to the Report's finding that they failed to identify similarly situated individuals, or "comparators," compared to whom they were selectively treated. Obj. at 3-4. Plaintiffs argue that the Church defendants are comparators because they are property owners to whom the town code applies. *Id.*

Although plaintiffs argue that the Report "failed to consider [this] notion," plaintiffs first

5

raise this argument in the objections. Obj. at 3. Plaintiffs do not identify others similarly situated in their complaint or in their opposition to the motion, and argued that they were a "class of one" for the first time at oral argument before Judge Tomlinson. *See* Report at 19. "While Rule 72(b) gives district courts the discretion to consider 'further evidence,' district courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." Travelers Ins. Co. v. Estate of Garcia, No. 00 Civ. 2130, 2003 WL 1193535, at * 2 (E.D.N.Y. Feb. 4, 2003) (citing United States v. Pena, 51 F.Supp.2d 364, 367 (W.D.N.Y. 1998); see Robinson v. Keane, No. 92 Civ. 6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) (stating that "[a]n objecting party may not raise new arguments that were not made before the Magistrate Judge"); Abu-Nassar v. Elders Futures. Inc., No. 88 Civ. 7906, 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug.17, 1994) (refusing to entertain new arguments not raised before the Magistrate Judge and holding that to do otherwise "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments") (citations omitted). As this argument was not presented to the Magistrate Judge, any consideration of it at this point would undermine the authority of the Magistrate Judge, the objection is overruled.

3. Public Nuisance

The Report recommends dismissal of plaintiffs' public nuisance claim. However, as the complaint no longer alleges a federal claim against the Town defendants, and possibly the

Church defendants as discussed below, the Court declines to exercise its supplemental jurisdiction over plaintiffs' state law claims, and thereby reserves decision upon plaintiffs' objection to the Report on this ground.

III.   Remaining Defendants

On May 14, 2009, the Church defendants filed a letter supporting the Town defendants' motion to dismiss and asking the Court to dismiss the complaint against them for lack of subject matter jurisdiction in the event the Town defendants' motion were granted. DE 26. As this order dismisses all federal claims against the Town defendants, there appears to be no remaining colorable federal claims against the Church defendants. In the absence of any federal claims, this Court declines supplemental jurisdiction over plaintiffs' state law claims. Therefore, plaintiffs are ordered to show cause why the complaint should not be dismissed against the Church defendants for lack of subject matter jurisdiction.

III.   Conclusion

For the foregoing reasons, plaintiffs' objections are overruled and the Report is accepted in all parts except for its determination on the public nuisance cause of action against the Town defendants. The complaint is dismissed without prejudice with respect to plaintiffs' public nuisance claim against the Town defendants and with prejudice with respect to all other claims.

Plaintiffs are ordered to show cause why the complaint against the Church defendants

should not be dismissed for lack of jurisdiction by filing objections with this court no later than May 2, 2011 at five o'clock (5:00) p.m. If no objections are filed, the remaining claims will be dismissed without prejudice.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

DATED: Central Islip, New York
April 4, 2011